# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TITO DANIEL ESTUPINAN,

    Petitioner,

v.                                        CASE NO: 8:08-cv-1222-T-30TBM
                                            Crim. Case No: 08:00-cr-210-T-30TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

# ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) filed on June 25, 2008, the Response to the Order to Show Cause from the Petitioner (CV Dkt. #4), the Government's Motion to Dismiss (CV Dkt. #10), and the Petitioner's Response to Government's Motion to Dismiss (CV Dkt. #11). After a review of the pleadings and the underlying criminal proceedings, the Court concludes that Petitioner's motion should be dismissed because it is time-barred and, even if it weren't time barred, it would be insufficient to merit relief under §2255.

## BACKGROUND

Petitioner, Tito Daniel Estupinan (hereinafter referred to as "Estupinan" or "Petitioner") was charged by a federal grand jury with two offenses under the Maritime Drug Law Enforcement Act ("MDLEA"), to wit: (1) conspiracy to possess with intent to distribute

five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. app. §1903(a), (g), and (j) (Count I); (2) possession with intent to distribute five kilograms or more cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. §1903 (a), (g) and 18 U.S.C. §2 (Count II). (CR Dkt. #3). On November 8, 2000 a federal jury found Estupinan guilty of both counts. (CR Dkt. #125). Estupinan was sentenced on July 10, 2001, to a term of two hundred and fifty-two (252) months imprisonment. (CR Dkt. #189).

Petitioner filed a Notice of Appeal on July 12, 2001. (CR Dkt. #191). Petitioner in his appeal argued that the jurisdictional and venue provisions of the MDLEA are unconstitutional. The Eleventh Circuit affirmed the decision of the District Court on September 4, 2002. United States v. Tinoco, 304 F.3d 1088 (11th Cir. 2002). Petitioner filed a Petition for Writ of Certiorari with the Supreme Court and was denied on March 10, 2003. Hernandez, et. al. v. United States 538 U.S. 909 (2003).

## DISCUSSION

Petitioner has one year from the time judgment becomes final to file a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255. The limitation period begins to run when the appeal period ends, which in this case was March 10, 2003 when the Supreme Court denied certiorari. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Accordingly, Petitioner had until March 10, 2004, to file a 28 U.S.C. §2255 motion. Petitioner filed this motion on June 25, 2008 (CV Dkt. #1), more than four years after the expiration of the 1-year period of limitation.

Petitioner argues that his 1-year period of limitation should not have started until June 26, 2007. Petitioner claims that the circumstances of his case meet the requirements under 28 U.S.C. §2255(f)(4). 28U.S.C. §2255(f) reads:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme court and made retroactively applicable on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner argues that because he did not obtain the legal record until June 26, 2007, the 1-year period of limitation did not begin until he possessed the facts to support his claim.

Petitioner's argument is unavailing. Postponed accrual only occurs when the facts themselves are undiscoverable in a timely fashion despite due diligence. See Absalon v. United States, 2006 U.S. Dist. Lexis 64609, (citing Fraser v. United States 47 F.Supp.2d 629, 630 (D. Md. 1999)). The facts supporting the underlying claims of the §2255 motion were facts known to Petitioner and therefore were not "undiscoverable". Petitioner's claims are based on issues of jurisdiction and harsh conditions of pre-trial and post-trial confinement. The facts supporting these issues were known to Petitioner during trial, sentencing and appeal. Since Petitioner had knowledge of the facts, Petitioner's argument for postponed accrual under §2255(f)(4) fails.

Alternatively, Petitioner argues that the Court should equitably toll the deadline. Equitable tolling is available only if a petitioner establishes both extraordinary circumstances and due diligence. See Diaz v. Secretary for the Dep't of Corr. 362 F. 3d 698, 702 (11th Cir. 2004). Petitioner claims his situation is one of extraordinary circumstances because he speaks only Spanish and has no knowledge of the law. Petitioner also claims his efforts to obtain the necessary facts exceeded the requirement for due diligence. Petitioners arguments for equitable tolling are without merit.

Petitioner's inability to communicate in English and his lack of legal knowledge are not considered extraordinary circumstances in the context of equitable tolling. See United States v. Montano 381 F.3d 1265, 1269 n.5 (11th Cir. 2004) (finding inability to speak English is not an extraordinary circumstance). See also Tower v. Phillips, 7 F.3d 206, 211 (11th Cir. 1993); Helton v. Sec. Dep't of Corr., 259 F.3d 1310 (lack of legal knowledge is not an extraordinary circumstance). The record does show Plaintiff sought assistance from inmates, former appointed counsel, and the Colombian consulate to obtain his legal documents. (CV Dkt. #1). But, Petitioner did not make any efforts until well after a year had passed from when his judgment became final. As discussed above, Petitioner already knew of the facts relating to his claim so a showing of due diligence is a moot point. Petitioner does not establish that equitable tolling is appropriate in this case. Therefore, this Court finds Petitioner's motion untimely and will dismiss the motion.

Even if the motion were deemed timely, the motion would be denied on the merits. Petitioner's motion claims ineffective assistance of council on four grounds: (1) counsel failed to move to dismiss on the basis of absence of venue; (2) counsel failed to request jurisdiction to be an element determined by the jury; (3) counsel failed to move to dismiss for lack of personal jurisdiction and prescriptive jurisdiction; (4) counsel failed to move for a downward departure from the minimum mandatory sentence for harsh conditions of confinement. (CV Dkt. #1).

The first three grounds assert that appointed counsel was ineffective because of her failure to raise issues of jurisdiction. In order to prevail on a claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the outcome of the case. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Petitioner fails to show that appointed counsel's performance was deficient.

The record shows that appointed counsel did in fact object to jurisdiction of the District Court. Appointed counsel also moved to dismiss the underlying criminal offense, arguing it was unconstitutional because it removed jurisdiction, an element of the offense, from the determination of the jury. Petitioner's claim of ineffective counsel on these grounds are factually incorrect. Therefore, the appointed counsel's performance was not deficient.

Even if appointed counsel had failed to object to jurisdiction, the Eleventh Circuit affirmed the District Court's decision, rendering Petitioner's claims concerning jurisdiction non-meritorious. It is not deficient performance to fail to raise non-meritorious issues. The

Eleventh Circuit found it was constitutional for Congress to require a court to determine subject matter jurisdiction for MDLEA offenses as a matter of law. Tinoco, at 1112. The Eleventh Circuit also found the District Court appropriately determined the vessel Petitioner was on was subject to the jurisdiction of the United States. Id, at 1114.

Petitioner's fourth ground for ineffective assistance of counsel is that appointed counsel failed to move for a downward departure during his sentencing due to harsh conditions of confinement. There are no facts establishing that Petitioner was subjected to harsh conditions during any period of his confinement, or that Petitioner informed his counsel of any such conditions. Without any facts supporting Petitioner's claim, appointed counsel's failure to raise the issue cannot be considered deficient performance. Strickland, at 692.

Petitioner fails to meet the burden required for a finding of ineffective assistance of counsel on any of the grounds asserted.

This Court determines that Petitioner's §2255 motion is untimely and therefore will be dismissed. However, even if the Court reached the merits of Petitioner's motion, Petitioner's claims of ineffective assistance of counsel would have been denied.

## **CONCLUSION**

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DISMISSED with prejudice as time barred.

2. The Clerk is directed to terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#238, in the underlying criminal case, case number 8:00-cr-210-T-30TBM.

**DONE** and **ORDERED** in Tampa, Florida on June 5, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2008\08-cv-1222.deny 2255.wpd